Renee **NICHOLUDIS** and Nick **Nicholudis, individually and as Successor Co-Trustees of the Eva Nicholudis Trust, Eva Nicholudis, Plaintiffs—Appellants,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant—Appellee.**

**No. 00–55662.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 2000.

Decided Jan. 9, 2001.

Before RYMER, T.G. NELSON and WARDLAW, Circuit Judges.

### MEMORANDUM*

Renee Nicholudis, Nick Nicholudis and Eva Nicholudis appeal the summary judgment in favor of the Prudential Insurance Company of America ("Prudential"). We have jurisdiction under 28 U.S.C. § 1291, and we review the grant of summary judgment de novo. *See Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). We affirm for the reasons well stated by the district court.

The Nicholudises argue that because the policy was a "Medicare Supplement Policy," Prudential was prohibited from reducing Eva Nicholudis's benefits by more than 50 percent on account of her age. Cal. Ins.Code § 10291.5. Therefore, this appeal turns on whether the insurance policy was a Medicare supplement policy. It is not, *see* 42 U.S.C. § 1395ss(g)(1); Cal. Ins. Code § 10192.1, and was not transformed into one when Eva Nicholudis began receiving Medicare benefits in 1983.

* This disposition is not appropriate for publication and may not be cited to or by the courts

The policy is a major medical policy with a Limited Medical Expense Insurance provision that is triggered when the policyholder becomes Medicare eligible due to age. It provides "Major Medical Expense Insurance," and was issued in 1976, nearly 20 years before Eva Nicholudis turned 65 and some seven years before she began receiving Medicare benefits due to her disability. It was approved by the Commissioner of Insurance under the disability provisions of the Insurance Code, Cal. Ins. Code § 10290, not under the provision for approving Medicare supplement plans, Cal. Ins.Code § 10195.45. Moreover, the fact that Prudential continued to pay home nursing benefits after 1983, when Eva Nicholudis began receiving Medicare benefits, does not convert the policy into a Medicare supplement policy.

Finally, even if the policy were a Medicare supplement policy, the Nicholudises could not bring a private cause of action under Cal. Ins.Code. § 10291.5. *See Peterson v. American Life & Health Ins. Co.,* 48 F.3d 404, 410–11 (9th Cir.1995).

AFFIRMED.

of this circuit except as provided by 9th Cir. R. 36–3.